Dorothy **GORDON**, as Administratrix of the goods, chattels and credits of Dennis Gordon, Deceased, Plaintiff,

v.

**EASTERN AIR LINES, INC.,** Defendant.

No. 73 Civ. 1694.

United States District Court, S. D. New York,

March 6, 1975.

Fuchsberg & Fuchsberg, New York City, for plaintiff by Abraham Fuchsberg, New York City, Roger Bennet Adler, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant by John J. Martin, Edward M. O'Brien, John MacCrate III, New York City, of counsel.

WHITMAN KNAPP, District Judge.

This wrongful death action arose out of the tragic crash in the Florida Ever-

glades of an Eastern Airlines jet aircraft while on a landing approach to Miami International Airport on December 29, 1972 which killed 96 of the 161 passengers, including plaintiff's decedent. The action was initially brought in the New York state court and was removed to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441. Thereafter, it was transferred—pursuant to 28 U.S.C. § 1407—for all pre-trial purposes to the United States District Court for the Southern District of Florida. At the conclusion of discovery proceedings, the action was remanded at plaintiff's request to this Court for trial. Defendant Eastern Airlines, Inc. has admitted liability by formal stipulation, so the only remaining issue to be tried is that of plaintiff's damages.

With respect to the issue of damages, we must decide which state's law applies: that of Florida, where the accident occurred, or that of New York, where the action was brought and where plaintiff resides. The dispute between the parties as to this conflict of laws question has arisen because the Florida wrongful death statute [1]—unlike its New York counterpart [2]—provides for damages for grief, mental anguish and loss of companionship, in addition to the traditional award of damages for straight pecuniary loss. So as to resolve the dispute, defendant has made an oral application to strike such part of the *ad damnum* clause as demands compensation for loss of "society, companionship, love and affection". For the reasons set forth below, the motion is granted.

At the time of the accident, plaintiff's decedent was a New York resident. His estate is now pending in New York and his widow—the plaintiff herein—was and is presently a resident of New York, as are their two children. Plaintiff's decedent purchased his roundtrip ticket in New York and the fatal flight originated in New York. Defendant Eastern Airlines is a Delaware corporation. Although its principal place of business is Miami, Florida, it conducts extensive business and flight operations throughout the Eastern seaboard and beyond. Finally, the accident which gave rise to this litigation occurred in Florida.

■ Since jurisdiction of this case is based on diversity of citizenship between the parties, this Court is bound by the choice of law rules of New York, the forum state. Klaxon Co. v. Stentor Electric Manufacturing Co. (1941) 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Rosenthal v. Warren (1973) 2 Cir., 475 F.2d 438, 440. Prior to the landmark case of Babcock v. Jackson (1963) 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E. 2d 279, New York applied the "simplistic" and "wooden" rule of *lex loci delicti*. Rosenthal v. Warren, *supra*, 475 F.2d at 440 and 441. As applied to the facts of this case, this rule would mean that Florida law automatically controlled. New York has, however, abandoned the *lex loci* approach for a "governmental interests" analysis, looking instead to "the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation". Babcock v. Jackson, *supra*, 12 N.Y.2d at 481, 240 N.Y.S.2d at 749, 191 N.E.2d at 283.

The "specific issue" in the case at bar —indeed, the only issue—is plaintiff's measure of recoverable damages. The liability of defendant is not in issue, for it was fully admitted during the pre-trial proceedings in the Southern District of Florida. Therefore, as defendant aptly observes, any matters dealing with its negligence or standard of conduct in the operation of the fatal flight have no relevance to the determination of plaintiff's damages. The distinction between the issue of liability on the one hand and the question of damages on the other hand is crucial, for were liability here at issue, "it is more than likely"

---

1. Fla.Stat. § 768.21 (1972).

2. McKinneys New York E.P.T.L. § 5–4.1 et seq.

that the law of the place of the tort would control. *Babcock, supra,* 12 N.Y. 2d at 484, 240 N.Y.S.2d at 750, 191 N. E.2d at 285. The disposition of other issues—such as that of damages—"must turn [however] . . . on the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented". *Id.* We turn, therefore, to the respective interests of New York and Florida in the measure of damages plaintiff may recover.

Plaintiff advances two "interests" that Florida may have in the application of its law of damages by a New York court in favor of a New York plaintiff: (1) it is the place where the crash occurred and (2) it has a strong interest in promoting travel and tourism within its borders. Neither of these "interests" are applicable in the present posture of this case. The only context in which they could be relevant is where the defendant's standard of conduct is in issue.

More specifically, the New York Court of Appeals, in Babcock v. Jackson, *supra,* has carefully distinguished between those cases where the defendant's exercise of due care is in issue and those cases where the sole issue is the extent of plaintiff's recovery. In the former situation, the law of the state where the tort occurred controls. *Id.,* 12 N.Y.2d at 483, 240 N.Y.S.2d at 750, 191 N.E.2d at 284. As the Court there observed

> "In such a case, it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place."

In the latter situation however—where the sole issue at bar is the measure of plaintiff's damages—the court must apply the law of the place which has the dominant contacts with the parties and transaction and the superior claim for application of its law. *Id.* That place

in the instant case is New York. Plaintiff's decedent was domiciled in New York and his estate is now pending there. His widow—the plaintiff herein —is a New York resident, as are their two children. The ticket for the fatal flight—which originated in New York —was purchased in New York. The only "contacts" with Florida are that the accident occurred there—a "purely adventitious circumstance" [3]—and defendant's principal place of business is there—an equally insignificant circumstance. Long v. Pan American World Airways (1965) 16 N.Y.2d 337, 266 N. Y.S.2d 513, 213 N.E.2d 796; Kilberg v. Northeast Airlines (1961) 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526. Since the issue of defendant's conduct is not here involved, Florida has no interest in the application of its law to the narrow issue of damages before the court simply because the accident occurred within its borders.

Florida's "interest" in promoting travel and tourism within its borders is similarly irrelevant in the context of this case. Presumably, Florida's "interest" in promoting travel is grounded in the assumption that the likelihood of larger than usual recoveries under its liberal damages provision will induce common carriers conducting business within the state to exercise more than ordinary due care. Be that as it may, such a consideration has no bearing in a case, such as ours, where due care—or the lack thereof—is not in issue. Our task is not to determine whether defendant acted negligently, for that much is conceded. Rather, the sole question before us is the measure of plaintiff's damages. The answer to that question is of no concern to Florida, for it could have no interest whatsoever in how much money a New York jury would award a New York resident in a New York court. Its only possible concern would be in what its own residents recover, a situation not now before us.

3. Babcock v. Jackson, *supra,* 12 N.Y.2d at 482, 240 N.Y.S.2d at 750, 191 N.E.2d at 283.

■■ We turn now to a consideration of New York's interests. A review of that state's decisions on the subject discloses that its public policy is to "protect" its own residents whenever possible "against" the "unfairness"—if any—of "anachronistic" foreign laws and from the denial of recovery under such laws. Neumeier v. Kuehner (1972) 31 N.Y.2d 121, 125, 335 N.Y.S.2d 64, 67, 286 N.E.2d 454; Kilberg v. Northeast Airlines (1961) 9 N.Y.2d 34, 39, 211 N.Y.S.2d 133, 135, 172 N.E.2d 526, 527. MacKendrick v. Newport News Shipbuilding & D. D. Co. (Sup.Ct., N.Y.Co. 1969), 59 Misc.2d 994, 302 N.Y.S.2d 124, 140. It is not New York's policy to *enhance* the recovery of its residents by the application of a more favorable foreign rule. Rosenthal v. Warren (2d Cir. 1973) 475 F.2d 438, 441, n. 4. To do so would contradict those principles of "fair play" and a "just recovery" which New York's governmental interest approach to conflict of laws questions seeks to further. *Id.*, at 446. As that state's highest court observed in *Neumeier, supra,* 31 N.Y.2d at 126–7, 335 N.Y.S.2d at 68, 286 N.E.2d at 457:

> "While New York may be a proper forum for actions involving its own domiciliaries, regardless of where the accident happened, it does not follow that we should apply New York law simply because some may think it a better rule, where doing so does not advance any New York State interest . . ."

Similarly, it does not follow that we, in construing New York law, should apply Florida law "simply because" it is the "better" rule, particularly where doing so does not advance any Florida interest. Nor does New York have an interest in the application of Florida law in the context of this case. As we noted earlier, New York's policy is to *protect* its domiciliaries from unjust foreign laws, not to enhance their recovery by application of a more favorable foreign law simply because that law is better. Indeed, the failure to apply New York law in this case would "impair . . . the smooth working of the multi-state system [and] produce great uncertainty for litigants by sanctioning forum shopping [4] . . ., thereby allowing a party to select a forum which could give him a larger recovery than the court of his own domicile". *Neumeier, supra,* at 129, 335 N.Y.S.2d at 70, 286 N.E.2d at 458. Moreover, the conflict between our decision today and that of the Florida District Court in one of the "Everglades crash" cases that remained in Florida after the multi-district transfer and consolidation, is more apparent than real. In Dedek v. Eastern Airlines, Inc. (S.D. Fla.Docket No. 73 Civ. 953), Judge Fay decided that Florida's wrongful death statute—together with its more liberal damage provision—should apply. Since that court's jurisdiction was grounded in diversity of citizenship, Judge Fay was obliged, under Klaxon Co. v. Stentor Electric Mfg. Co., *supra,* to apply the choice of law rules of the forum state. Since Florida is a *lex loci* jurisdiction,[5] the inescapable conclusion was that Florida's wrongful death statute controlled. In the case at bar, on the other hand, this Court must look to the choice of law rules of New York, which is no longer wedded to the *lex loci* approach, but rather, follows the "governmental interests" approach.

In view of the fact that this conflict of laws issue is the only question which divides the parties, consideration has been given to certification of the question to the Court of Appeals, pursuant to 28 U.S.C. § 1292(b). However, the Court has decided not to do so. If the parties wish to settle their dispute with-

---

4. Plaintiff in the instant case has already had two bites of the apple in this respect: she initially selected New York over Florida as the forum in which to bring her action and subsequently elected to return to New York federal court from its Florida counter-part upon completion of all pre-trial proceedings.

5. Hopkins v. Lockheed Aircraft Corp. (Fla. 1967) 201 So.2d 743.

out restricting plaintiff's right to appellate review, they may do so by stipulating to settle for X amount of dollars if this decision stands and $ (x + y) should it be reversed.

For the reasons stated above, I conclude that New York's wrongful death statute controls the issue of damages in this case and defendant's oral motion to strike is, accordingly, granted.

So ordered.