Liliam **JUNCO** et al.,
**Plaintiffs,**

v.

**EASTERN AIR LINES, INC.,**
**Defendant.**

No. 73 Civ. 196.

United States District Court,
S. D. New York.

May 7, 1975.

F. Lee Bailey and Aaron J. Broder, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, by John J. Martin, John MacCrate III, New York City, of counsel, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is a diversity wrongful death action growing out of the Eastern Airlines crash in the Florida Everglades which was involved in the case of *Gordon, Administratrix v. Eastern Airlines, Inc.*, (S.D.N.Y.1975) 391 F.Supp. 31. My opinion in that case is incorporated herein. As in the *Gordon* case the instant plaintiffs were given the option of prosecuting their claims in Florida had they desired to do so.*

In the instant case, the decedents are the mother (Alina S. Junco) and father (Miguel A. Junco) of the infant plain-

---

* Plaintiffs would have been in no different position had they remained in Florida. *Van Dusen v. Barrack* (1964) 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945. The different result achieved in the *Dedek* case (cited in *Gordon*, 391 F.Supp. at 34) followed from the fact that plaintiff in that case had invoked Florida law by filing suit there. *Dedek* was not in Florida under the provisions of 28 U.S.C. § 1407, as were *Gordon* and the instant case.

tiff Miguel Angel Junco, Jr. They were both New York residents, as is the infant. For the sake of clarity, the other plaintiffs, their relationship to the infant plaintiff, the capacity in which they sue and their residences are listed below:

| NAME | RELATIONSHIP | CAPACITY | RESIDENCY |
|---|---|---|---|
| Guillermo and Maria Suarez-Solis | maternal grandparents | own right | Florida |
| Miguel and Herminia Junco | paternal grandparents | own right | New York |
| Liliam Junco | aunt | administratrix of decedents' estates | New York |
| Guillermo Suarez-Solis | maternal grandfather | co-guardian | Florida |
| Liliam Junco | aunt | co-guardian | New York |

The decedents' estates are being administered in the Surrogate's Court of Queens County. The infant's aunt (Liliam Junco) and maternal grandfather (Guillermo Suarez-Solis) were appointed co-guardians by an order of the same Court.

■ In the course of a preliminary hearing before me, the defendant orally moved to dismiss such portions of the complaint as purport to state a cause of action on behalf of the New York grandparents and as can be construed as claiming damages on behalf of the infant for mental anguish and grief. This motion was based on the contention that under New York law the New York grandparents have no standing to sue and that grief is not a recognized element of recoverable damages. Under Florida law, on the other hand the grandparents would have standing to sue and the infant could be compensated for grief and mental anguish.

For the reasons stated in the above cited *Gordon* opinion, defendant's motion is granted. I therefore rule that New York law applies as to all plaintiffs except the maternal grandparents who, as Florida residents, are entitled to plead and prove a cause of action in their own right under Florida law. Since under New York law the paternal grandparents have no cause of action, the complaint is dismissed as to them. Finally, as a result of my determination that New York law applies, the complaint will be—and is—limited to exclude any claim for damages on the part of the infant except for pecuniary loss.

■ In anticipation of this ruling, plaintiffs have several times urged me to certify the conflict of laws question to the Court of Appeals pursuant to 28 U.S.C. § 1292(b). Knowing that Court's reluctance to accept such certification, I have repeatedly indicated my disinclination to do so. However, in view of the calendar situation, this action cannot in any event be tried before September. Plaintiffs persuasively urge upon me the argument that should my ruling be erroneous, a time-consuming and expensive jury trial would have gone for naught. With respect to the New York grandparents' individual action, my ruling is clearly "controlling" in that it obviates any possibility of relief; with respect to the other plaintiffs, it would certainly have a decisive effect upon the amount of the recovery, which after all, is the only issue left for trial (liability having been conceded). Moreover, the question of which law controls is one as to which the taking of evidence would seem neither necessary nor helpful.

I therefore certify pursuant to 28 U.S.C. § 1292(b) that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that, in my judgment, an immediate appeal from this order would materially advance the ultimate termination of the litigation.

So ordered.