OPINION OF THE COURT
Edward J. Greenfield, J.
Before this court is a motion by plaintiff for a pretrial ruling as to the substantive law of damages to be applied to the wrongful death claim in this action arising out of a crash of an American Airlines plane at St. Thomas in the Virgin Islands on April 27, 1976.
American Airlines has agreed not to contest its liability in this action, leaving the only question remaining for decision by this court the measure of damages to be applied.
Decedent and his wife, residents of the State of Tennessee, had no children. They flew from Nashville, Tennessee to New York to board the American Airlines flight to take them on a vacation in the Virgin Islands.
As decedent’s wife was killed with him in the crash, and there were no children, there were no next of kin dependent upon decedent for support. The next of kin of the decedent were his parents, residents of the State of Alabama, who were not dependent upon decedent in any way. The question arises therefore as to whether the New York wrongful death statute is applicable to this case, in which circumstance, the damage claim for pecuniary loss would be minimal or nil, or whether the wrongful death statute of Tennessee would apply. Under Tennessee law, the measure of damage is not loss of financial support by relatives, but the pecuniary value of the decedent’s life. (Tenn Code Ann, § 20-607; Memphis St. Ry. Co. v Cooper, 203 Tenn 425; Strother v Lane, 554 SW2d 631.) Thus, a decision as to the applicable law will determine if the damages recoverable in this case are substantial or insignificant.
In this case we have a Tennessee decedent who was killed while on a roundtrip from Nashville, Tennessee, to the Virgin Islands. American Airlines, which was incorporated in Delaware and had its headquarters in New York, originated its Virgin Islands flight in Providence, Rhode Island. The decedent changed planes and embarked on that flight when it touched down in New York. No one suggests that the law of Rhode Island, Delaware or Alabama should be the controlling law as to the damages in this case. Under Tennessee law, the *433 lex loci delicti would apply. The Virgin Island death statute would not permit decedent’s estate to recover for his projected loss of future income. However, New York as the forum State applies the principle of grouping of contacts. (Auten v Auten, 308 NY 155; Babcock v Jackson, 12 NY2d 473; Dym v Gordon, 16 NY2d 120.) New York, under the circumstances here presented, would necessarily find that the State of Tennessee has the greatest concern and most intimate relationship with the matter and that its substantive law controls. That substantive law includes the law of damages as embodied in the Tennessee wrongful death statute. Compare Long v Pan Amer. World Airways (16 NY2d 337) where Philadelphia decedents’ flight from Philadelphia to Puerto Rico crashed in Maryland, and their estate sued in New York, Pan American’s headquarters. The Court of Appeals applied Pennsylvania law as the place where the estates were being administered and the origin of decedents’ trip. In Thomas v United Air Lines (24 NY2d 714) the Court of Appeals again rejected the law of the forum and that of the crash site and applied the law of the State in which decedents resided. (See, also, Gordon v Eastern Air Lines, 391 F Supp 31.)
The fact that the crash occurred in the Virgin Islands is purely adventitious. The Virgin Islands is not interested in the outcome of this litigation. The fact that decedent had to change planes in New York is likewise a fortuitous circumstance. Even if Tennessee would apply Virgin Islands’ law, New York courts will not apply Tennessee choice of law rules and under its own conflicts rules will apply the Tennessee law of damages. The court notes the anomaly that if decedent alone had been killed there would be no question but that his wife, as the survivor, could have claimed decedent’s projected loss of future income as her loss of support. If New York or Virgin Islands’ law were to apply, the airline would have found the disposition of this case less expensive because of the fact that decedent and his wife were both killed in the crash— a holding, in effect, that the lives of two are worth less than the life of one.
Under these circumstances, there can be no contention that the wrongful death statute of another jurisdiction is in conflict with the declared public policy of New York. (Loucks v Standard Oil Co. of N. Y., 224 NY 99; Wikoff v Hirschel, 258 NY 28.)
 Despite this, defendant American Airlines contends *434 that plaintiff should be estopped from claiming that the Tennessee statute applies because on a prior motion by it to dismiss this case on grounds of forum non conveniens, the plaintiff took a position inconsistent with what it now urges. This creates no estoppel of the plaintiffs. In order to create an estoppel there must be a showing of reliance and resulting prejudice. (See 28 Am Jur 2d, Estoppel & Waiver, §§ 76-80.) In the case at bar there has been no showing of either. The determination of applicable law is a matter for the court, unless the parties have resolved the issue by stipulation. There is no indication that in this case decision to retain jurisdiction and the Appellate Division confirmation of that decision, plaintiffs’ argument as to the applicable law formed the basis for the retention of this case. Accordingly, plaintiffs are not barred from claiming that the Tennessee wrongful death statute is applicable, and the motion is granted to the extent of providing that the Tennessee wrongful death statute governs the applicable measure of damages in this case.