50

LINDA L. BEASOCK, Individually and as Administratrix of the Estate of ANTHONY J. BEASOCK, Deceased, Appellant, v DIOGUARDI ENTERPRISES, INC., et al., Respondents. (Action No. 1.)

LINDA L. BEASOCK, Individually and as Administratrix of the Estate of ANTHONY J. BEASOCK, Deceased, Appellant, v RUBBER MANUFACTURERS ASSOCIATION, INCORPORATED, et al., Respondents. (Action No. 2.)

Fourth Department, March 6, 1984

### APPEARANCES OF COUNSEL

*Friedman & Michael* (*Robert J. Michael* and *Thomas R. Monks* of counsel), for appellant.

*John C. Alletto* for Dioguardi Enterprises, Inc., and others, respondents.

*Harter, Secrest & Emery* (*James C. Moore* and *Timothy J. Costello* of counsel), for Mobil Oil Corporation, respondent.

*Harris, Beach, Wilcox, Rubin & Levey* (*Karl S. Essler, Edward K. Macomber* and *Neva S. Flaherty* of counsel), for General Tire & Rubber Company, respondent.

*Chamberlain, D'Amanda, Bauman, Chatman, & Oppenheimer* for Johnny Antonelli, respondent.

*Bigham, Englar, Jones & Houston* and *Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter* (*Merle M. Troeger, William P. Kardaras* and *Nicholas F. Russo* of counsel), for Kelsey-Hayes Company, respondent.

*Greene, Hershdorfer & Sharpe* (*Ronald V. Sharpe* of counsel), for Rubber Manufacturers Association, Inc., respondent.

*Sullivan, Gough, Skipworth, Summers & Smith* (*Robert T. Skipworth* of counsel), for Tire & Rim Assoc., Inc., respondent.

### OPINION OF THE COURT

BOOMER, J.

The principal issue before us is whether punitive damages may be recovered in a personal injury action brought by the personal representative of a decedent. In deciding this issue we are confronted with a knotty problem of conflict of laws, arising from the following facts.

Anthony Beasock died as the result of injuries he received when a truck tire exploded as it was being inflated at a gasoline station in Rochester, New York. His widow brought these actions for wrongful death, personal injury

and loss of consortium. She sought punitive damages on all causes of action. At the time of death New York did not permit recovery of punitive damages either in a wrongful death action (EPTL 5-4.3) or in a personal injury action brought by the personal representative of a decedent (EPTL 11-3.2). However, other jurisdictions having a connection with this litigation, the State of Ohio and the District of Columbia, although denying recovery of punitive damages in a death action, did permit recovery of punitive damages in a survival action.

Defendant General Tire and Rubber Company designed and manufactured the tire at its principal place of business in Ohio. The Tire and Rim Association approved the specifications for the tire rim at its principal place of business in Ohio and the defendant the Rubber Manufacturers Association approved the specifications for the tire at its principal place of business in the District of Columbia. These three defendants moved for summary judgment dismissing plaintiff's claim for punitive damages in the personal injury action. Special Term granted the motion holding that the law of New York, and not that of Ohio and the District of Columbia, controls. We reverse.

New York has abandoned the inflexible choice of law rule in tort actions that the rights of the parties are to be determined by the law of the place of the occurrence. Effect is now given to the law of the jurisdiction where the injury occurs, unless, with respect to the particular issue, another State has a more significant relationship (Restatement, Conflict of Laws 2d, § 175; see *Neumeier v Kuehner,* 31 NY2d 121, 127-129; see, also, *Babcock v Jackson,* 12 NY2d 473, 481; *Miller v Miller,* 22 NY2d 12, 15-16). " '[I]t is necessary first to isolate the issue, next to identify the policies embraced in the laws in conflict, and finally to examine the contacts of the respective jurisdictions to ascertain which has a * * * superior interest in having its policy or law applied' " (*Tooker v Lopez,* 24 NY2d 569, 574, quoting from *Dym v Gordon,* 16 NY2d 120, 124).

Here the specific issue involved is the right to punitive damages in a survival action. The purposes underlying the allowance of punitive damages "are punishment of the defendant and deterrence of future wrongdoing. The pur-

pose underlying the disallowance of punitive damages is protection of defendants from excessive financial liability" (*Matter of Air Crash Disaster Near Chicago*, 644 F2d 594, 613, cert den *sub nom. Lin v American Airlines*, 454 US 878; see, also, *Matter of Air Crash Disaster at Washington*, 559 F Supp 333, 353; *Ashland Oil v Miller Oil Purch. Co.*, 678 F2d 1293, 1305).

Solely as the place of residence of the plaintiff, New York State has no interest in the issue of punitive damages. "It is not New York's policy to *enhance* the recovery of its residents by the application of a more favorable foreign rule" (*Gordon v Eastern Air Lines*, 391 F Supp 31, 34; see, also, *Neumeier v Kuehner*, 31 NY2d 121, 126-127, *supra*). And since the purpose of imposing punitive damages is not to compensate the plaintiff, "a state whose only connection with [the] litigation is that it was the domicile of a plaintiff or victim has no interest in the imposition of punitive damage liability" (*Matter of A    Crash Disaster at Washington*, 559 F Supp 333, 353, *supra;* see Restatement, Conflict of Laws 2d, § 146, Comment *e,* pp 432-433). As the place of occurrence, however, New York has a substantial contact with this litigation. The tire and rim were shipped into this State and purchased by a New York State resident and the tire exploded here. New York State, therefore, has an interest in applying its law prohibiting the recovery of punitive damages in survival actions in order to protect out-of-State as well as resident defendants from excessive liability. This interest may arise from a desire to promote commerce within the State.

On the other hand, Ohio and the District of Columbia have an interest in enforcing their policy of awarding punitive damages in order to punish and deter egregious conduct within their borders.

■ Which of the jurisdictions has the superior interest? By statute (L 1982, ch 100, §§ 1, 2) New York amended its law to permit the recovery of punitive damages in survival actions when death occurred on or after September 1, 1982. Although this amendment may not be applied retroactively, the change does indicate that the denial of punitive damages was not a very significant policy of New York at the time of the injury (see *Matter of Air Crash Disaster at*

*Washington,* 559 F Supp 333, 356, *supra;* see, also, *Miller v Miller,* 22 NY2d 12, 21-22, *supra).* New York has "no interest in seeing its former policy, which now has been clearly rejected, applied to this action" (*O'Brien v Grumman Corp.,* 475 F Supp 284, 295). Thus we determine that as to the defendants General Tire Corporation and the Tire and Rim Association, the State of Ohio has the superior interest and as to Rubber Manufacturers Association, the District of Columbia has the superior interest in the enforcement of its policy of awarding punitive damages.

■ The manufacturer of the tire rim, Kelsey-Hayes, is also a defendant in these actions and it too has been granted summary judgment dismissing the plaintiff's claim for punitive damages in the survival action. In opposition to the motion for summary judgment, plaintiff demonstrated that, because she has not yet deposed Kelsey-Hayes, she lacks knowledge of that defendant's principal place of business and of the place of design of the tire rim. Without these facts, no determination can be made concerning the proper choice of law. The motion of Kelsey-Hayes, therefore, should be denied, with leave to renew after the completion of discovery proceedings.

Accordingly, the order appealed from should be modified by reversing that part which dismisses plaintiff's claim against defendants General Tire and Rubber Company, the Tire and Rim Association, the Rubber Manufacturers Association and Kelsey-Hayes, for punitive damages in the survival action, with leave to Kelsey-Hayes to renew its motion after the completion of discovery proceedings.

DILLON, P. J., DOERR, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously modified, and, as modified, affirmed without costs, in accordance with opinion by BOOMER, J.