OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant accounting firm moves for a protective order pursuant to CPLR 3122 so that it will not be required to disclose documents used in its audits of its client, which are claimed to be privileged under the law of the client’s principal place of business.
This is an action by a lender who claims it was induced to advance substantial funds to a now-bankrupt debtor because of its reliance on defendant’s audit, which it alleges to have been misleading, and a "sham”. The debtor, L.B. Smith, Inc., had its principal place of business in Maryland. Audit statements were prepared for it in Maryland by defendant’s Baltimore office. Plaintiff, a New York corporation, reviewed those statements in order to determine whether to extend credit. The Court of Appeals has held that defendant accounting firm cannot be found liable to a recipient of negligently prepared financial statements with which it had no relationship approaching privity. (Credit Alliance Corp. v Andersen & Co., 65 NY2d 536.) However, it permitted repleading by plaintiff to allege a cause of action for fraud. Plaintiff’s amended complaint now alleges that defendant’s pervasive failure to comply with generally accepted accounting principles constituted such a departure from professional standards that defendant either intended to render a materially misleading opinion or *687 rendered an opinion in such reckless disregard of the truth as to constitute fraud, and that as a result of plaintiffs reasonable and foreseeable reliance upon the certified financial statements and auditor’s reports, plaintiff advanced funds and has been damaged in an amount exceeding $8,800,000.
Defendant claims that the documents now sought by plaintiff were prepared in connection with the audit of Smith, whose principal operations are in Maryland, by defendant’s Baltimore office, and are thus subject to an absolute privilege under Maryland law as set forth in the Maryland Code, Courts and Judicial Proceedings § 9-110, which states:
"(a) Privilege. — A certified public accountant, public accountant, or any person employed by him may not disclose the contents of any communication made to him by a person employing him to examine, audit, or report on any book, record, account, or statement nor may he disclose any information derived from the person or material in rendering professional service unless the person employing him or his personal representative or his successor in interest permits it expressly.
"(b) Exception. — This privilege does not affect the criminal laws of the State or the bankruptcy laws.
"An. Code 1957, art. 75A, § 21; 1973, 1st Sp. Sess., ch. 2, § 1; 1974, ch. 691, § 8.)”
Plaintiff contends, in opposition to the motion, that (1) New York substantive law having been invoked to bar plaintiffs claim for accountant’s negligence at the behest of the defendant, defendant should now be estopped from invoking Maryland law to assert that the Maryland accountant-client privilege statute governs the request for document disclosure; (2) under New York’s interest analysis approach to choice of law problems, New York law should apply with respect to the confidentiality of accountant-client communications; and (3) that even under Maryland law, the accountant-client privilege cannot be used as a shield by an accountant to prevent discovery where the accountant has been charged with fraud.
There is no basis for any judicial estoppel here, and it does not "make a mockery” of the court system for a party to argue that the law of one jurisdiction controls for certain substantive issues while the law of another jurisdiction governs for "conduct-regulating” rules. (Schultz v Boy Scouts, 65 NY2d 189; cf., Associates Discount Corp. v Cary, 47 Misc 2d 369.) This court has previously determined in Wood v Ameri *688 can Airlines (103 Misc 2d 431) that a litigant is not estopped from claiming that the law of another jurisdiction is applicable to a particular issue in an action merely because on a prior motion to dismiss the litigant urged application of New York law. (Supra, at 434.) There is no basis for any claim of prejudice here which would serve as the basis for estoppel.
It is clear that while New York has an interest in the alleged fraud as between a New York plaintiff and defendant, Maryland, through enactment of a statutory privilege for accountant-client communications, has enunciated a strong public policy in favor of the protection of communication between Maryland accountants and their clients. (See, Hare v Family Publs. Serv., 334 F Supp 953, 961.) A client is not to be deprived of the protection accorded by the State in which it does business by the happenstance that the accountant who performed its audit also has an office elsewhere, and the accountant is sued in the foreign forum. Thus, the policy considerations enunciated by the State of Maryland must prevail over the New York interest in this action. (See, Application of Cepeda, 233 F Supp 465, 467-471.)
The final string to plaintiffs bow is the contention that even if Maryland law were to apply, the claim of privilege would not apply in actions in which fraud is alleged against an accountant. (Dixon v Bennett, 72 Md App 620, 531 A2d 1318 [1987].) That is the rule when the accountant himself is a participant in a criminal or fraudulent scheme. Confidentiality in furtherance of an illicit scheme would not then be considered socially sound. There is no such allegation of participatory fraud here. The "fraud” pleaded in this case is really a species of professional malpractice — negligence of such sweep and scope, so reckless and so egregious as to be considered legally tantamount to fraud, because the misrepresentations in a report depart so far from fact and truth as to be the equivalent of constructive fraud.
There is a world of difference between a gross departure from professional standards and involvement in a consciously wrongful endeavor. A client who expects confidentiality should not be deprived of that protected expectation because it turns out the accountant he engaged is slipshod, a fool or a blunderer.
The question might be asked as to whether the client, by supplying copies of the financial statements prepared by its accountant, has waived the privilege. The Maryland statute *689 does not permit waiver by conduct or by implication. The accountant may not "disclose any information derived from the person or material in rendering professional service unless the person employing him or his personal representative or his successor in interest permits it expressly. ” (Md [Cts & Jud Proc] Code Ann § 9-110 [a]; emphasis supplied.) There is no showing that anyone on behalf of the Smith corporation ever gave such express permission, and its trustee in bankruptcy has stated he will not waive the privilege merely because plaintiff here has alleged the accountant’s fraud.
Accordingly, defendant’s motion for a protective order is granted, and the document discovery shall be limited to those items which do not disclose matters obtained or derived from communications or materials of the client.