**Ricky BROWN, et al., Plaintiffs,**

v.

**CITY OF ONEONTA, et al., Defendants.**

**No. 93–CV–349.**

United States District Court,
N.D. New York.

Feb. 20, 1996.

Whiteman, Osterman & Hanna, Albany, New York (D. Scott Bassinson, of counsel), for plaintiffs.

Rowley, Forrest, O'Donnell & Hite, P.C., Albany, New York (Brian J. O'Donnell, of counsel), for defendant Hartmark.

Dennis C. Vacco, Attorney General, Albany, New York (Robert A. Siegfried, Asst. Attorney General, of counsel), for state defendants.

Dreyer, Boyajian & Tuttle, Albany, New York (James B. Tuttle, of counsel), for Oneonta defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

The facts of this case are well-known to the court and the parties. Accordingly, the court will not recite them herein.

### II. DISCUSSION

#### A. Standard For Reconsideration

"A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Hester Industries, Inc. v. Tyson Foods, Inc.,* 160 F.R.D. 15, 16 (N.D.N.Y. 1995) (*citing, Larsen v. Ortega,* 816 F.Supp. 97, 114 (D.Conn.1992), *aff'd,* 990 F.2d 623

(1993)); *Nossek v. Brd. of Educ. of the Duanesburg Central School Dist.*, 1994 WL 688298 (N.D.N.Y.1994). The Court cautions at the outset that, although "clear error" and "preventing injustice" are valid grounds for reconsideration, the parties seeking reconsideration must not use this vehicle as a means to relitigate issues previously decided by the Court, or to attempt to "sway the judge" one last time. *See Saratoga Harness Racing, Inc. v. Veneglia*, 897 F.Supp. 38, 40 (N.D.N.Y.1995) (citation omitted). With these standards in mind, the Court now turns to the issues raised.

## B. Defendant Hartmark

■ The defendant Hartmark argues that the court should have dismissed the Equal Protection claims asserted against him *with* prejudice, rather than *without* as is stated in the January 3, 1996 Order at issue. It is argued that because the court dismissed the complaint against the state defendants with prejudice, based on the evidentiary record obtained through discovery, the court should so rule with respect to the defendant Hartmark. The reason for this claim is the affidavit of the defendant Hartmark, wherein he states that he is not "aware" of any past instance where the police, investigating a violent crime allegedly committed by a young white male, sought information from SUCO officials and the officials declined to comply. This "evidence" is very different from evidence that, in fact, no such instances had occurred. In the face of the defendant Hartmark's uncorroborated statement, the court cannot say that, as a matter of law, the defendant Hartmark has not violated the Equal Protection clause. That remains to be decided by the fact finder at trial. Accordingly, the court denies the defendant Hartmark's motion for reconsideration.

## C. State Defendants

### 1. Wilson, Jackson, and Hunt

The plaintiffs do not oppose the state defendant's motion to correct the court misidentification of the defendants Wilson, Jackson, and Hunt as state police defendants. Upon review of the affidavits submitted by each in support of this motion, the court hereby dismisses the Fourth Amendment claims set forth against the defendants Wilson, Jackson, and Hunt.

### 2. Clum

■ The plaintiffs oppose the dismissal of the Fourth Amendment claims submitted against the defendant Clum. In essence, the plaintiffs argue that the affidavit submitted by the defendant Clum in connection with this motion could, and should, have been submitted with the summary judgment motion, and thus should not be considered by the court at this time. *See Music Research, Inc. v. Vanguard Recording Soc., Inc.*, 547 F.2d 192, 196 (2d Cir.1976). The court notes, however, that *Music Research* states that evidentiary issues are within the "broad discretion" of the trial court. 547 F.2d at 195 (stated in the context of a ruling as to the sufficiency of the evidence as it relates to a motion to set aside a verdict).

Upon a review of the affidavit submitted by the defendant Clum, and after consideration of the effect of the court's accepting the affidavit at this time, the court decides that it is appropriate for the court to consider the defendant Clum's affidavit. It is clear that if the court dismisses the Fourth Amendment claims asserted against the defendant Clum, that the plaintiffs Quinones, Jennings, and Plaskett will have no claims asserted against him. The court can see no reason to exclude such potentially dispositive evidence on the sole basis of tardiness. The plaintiffs have not asserted that they will be prejudiced by such a ruling, and have made no allegations contradicting the statements contained in the affidavit.

In the Clum affidavit, the defendant Clum states that he did not interview plaintiffs Quinones, Jennings, or Plaskett. Moreover, the defendant Clum did not interview any individuals on the streets of Oneonta. Finally, the defendant Clum states that he does not wear a police uniform when he is working. Accordingly, the court finds that the Fourth Amendment claims asserted against the defendant Clum should be dismissed, with prejudice.

## D. Oneonta Defendants

█ The Oneonta defendants assert two bases for reconsideration of the court's January 3, 1996 Order: (1) the denial of summary judgment as to the claims of Vincent Quinones, given no affidavit by the plaintiff Quinones to contradict the Oneonta defendants' account; and (2) the denial of summary judgment as to *Monell* liability. The Oneonta defendants argue that the law of the case requires the court to grant summary judgment as to *Monell* liability, and they argue that the grant of summary judgment as to the claims asserted by the plaintiff Quinones removes any basis for the imposition of *Monell* liability.

As to the first issue, the court reiterates that in the January 3, 1996 Order, the court determined that the plaintiff Quinones had set forth a claim sufficient to defeat a motion to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6). The court did not rule that there was a material factual issue relating to that claim. Since the Oneonta defendants' motion is based on a misreading of the court's previous Order, i.e., that the court treated the motion as if for summary judgment, and given the court's clarification, it is clear that the Oneonta defendants do not have a basis to seek reconsideration of the court's Order with respect to the claims asserted by the plaintiff Quinones.

As to the *Monell* issue, the second contention is mooted by the court's previous discussion. As to the contention that the law of the case doctrine is controlling, the court finds that the Oneonta defendants' argument rests on a misreading of the previous Orders of this court. As stated in the court's July 17, 1994 Order denying the plaintiffs' motion for reconsideration, the court had "granted summary judgment in favor of the City under the *Monell* doctrine only for the alleged fourth amendment violations." Order dated July 17, 1994 at 15. The court also granted the plaintiffs "leave to replead." *Id.* at 16. Moreover, the court stated that the original decision of the court "had no bearing on the City's potential *Monell* liability for equal protection claims if such claims are properly pleaded." *Id.* Although the court has dismissed the Equal Protection claims asserted

against the Oneonta defendants, the plaintiff Quinones has set forth a viable Fourth Amendment claim. Accordingly, the court denies the Oneonta defendants' motion for reconsideration.

## E. Plaintiffs' Motion For Reconsideration

### 1. Equal Protection Claims

The plaintiffs seek reconsideration of the court's January 3, 1996 Order as to two issues: (1) the court's dismissal of the plaintiffs' Equal Protection claims; and (2) the court's allegedly erroneous "finding" that the New York state police traced the assailant's path to a wooded area at the base of the SUCO campus.

As to the first contention, it is clear to the court that the plaintiffs have set forth substantially the same argument as in the summary judgment motion. As stated above, parties seeking reconsideration must not use the motion for reconsideration as a means to relitigate issues previously decided by the Court, or to attempt to "sway the judge" one last time. *See Saratoga Harness Racing,* 897 F.Supp. at 40. Accordingly, the court will not grant the plaintiffs' motion for reconsideration as to that issue. Nevertheless, the court will attempt herein to clarify its decision as to the Equal Protection claims.

The court, in its Order dated January 3, 1996, stated that for the plaintiffs to withstand a 12(b)(6) motion they had to allege something other than that "any white male suspected of a crime is similarly situated" when compared with the plaintiffs herein. The court went on to say that the plaintiffs had to at least allege that a "white male suspected of a *violent* crime was treated differently from plaintiffs." Order dated January 3, 1996 at 16. The court continued to state that *even if* the plaintiffs had set forth a viable claim, it was clear that as to the Oneonta defendants no material question of fact could be raised, because the evidence presented to the court showed that, as a matter of law, that the Oneonta police had not categorized the suspects of violent crimes as white or non white. In fact, the only crimes where the Oneonta police had catego-

rized the suspects as "white males" or "young white males" were non violent crimes. Thus, had the court treated the motion as one for summary judgment, which it did not, the court would have found no material factual issue. Accordingly, and in the interest of judicial economy, the court dismissed the Equal Protection claims against the Oneonta defendants with prejudice, because there was no set of facts that the plaintiff could plead to make out a viable claim.

█ The court did not state, as is the sum and substance of the plaintiffs' argument herein, that the plaintiff must engage in discovery before filing a complaint. Nor did the court hold the plaintiffs to a higher pleading standard. However, as set forth in *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987), a complaint setting forth civil rights claims must set forth "some specific allegations of fact," rather than "a litany of general conclusions that shock but have no meaning." The plaintiffs did not meet this standard.

### 2. Factual Findings

As to the plaintiffs' contention that the statement "[t]he New York State Police supervised the investigation, and using dogs, traced the assailant's path to a wooded area at the base of the State University of New York's Oneonta campus," constitutes a finding of the court, the court states that no party is precluded from introducing evidence at trial, otherwise admissible, to show the extent of the state police's efforts to "track" the perpetrator.

### F. Plaintiffs' Motion For Certification

█ A party seeking leave to appeal a district court's interlocutory order must first obtain certification from that court pursuant to 28 U.S.C. § 1292(b). In order to certify, the district court must find that: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and that (3) "appeal from the order may materially advance the ultimate termination of the litigation...." *Id.* The trial judge has substantial discretion in deciding whether or not to certify. *See D'Ippolito v. Cities Service Co.,* 374 F.2d 643, 649 (2d Cir.1967); *Ferraro v.*

*Secretary of HHS,* 780 F.Supp. 978, 979 (E.D.N.Y.1992). The court should construe the requirements for certification strictly, *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990), and certify only where exceptional circumstances warrant. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978); *Klinghoffer*, at 24–25; *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982). The court notes that certification pursuant to 28 U.S.C. § 1292(b) has been permitted when a court's ruling has obviated any possibility of relief as to some plaintiffs, or would have a decisive effect on the amount of recovery. *See Junco v. Eastern Air Lines, Inc.,* 399 F.Supp. 666 (S.D.N.Y.), *aff'd without opinion*, 538 F.2d 310 (1975).

In the instant case, the court declines to exercise its discretion and certify a question for appeal. The question that the plaintiffs seek to have certified has been loosely framed, but relates to the court's determination of what constitutes sufficient pleading, in the context of an Equal Protection claim, as to the similarly situated group. The court's ruling as to this issue does not obviate recovery for any subset of plaintiffs to this action, as there are numerous other outstanding claims. Moreover, it cannot be argued that the court's ruling would have a decisive effect on the amount of recovery, although the court recognizes the inability to recover on any single claim can be presumed to have some effect on the amount of recovery. Finally, the court has determined that certification of a question for appeal would delay, rather than expedite this torpid case. *See Coopers & Lybrand,* 437 U.S. at 475, 98 S.Ct. at 2461; *Klinghoffer*, at 24–25. Accordingly, the plaintiffs' motion for certification is denied.

### III. CONCLUSION

For the foregoing reasons, the court (1) DENIES the defendant Hartmark's motion for reconsideration; (2) GRANTS the state defendants', Wilson, Jackson, Hunt, and Clum, motion for reconsideration, and dismisses the Fourth Amendment claims asserted against them; (3) DENIES the Oneonta

defendants' motion for reconsideration; (4) DENIES the plaintiffs' motion for reconsideration; and (5) DENIES the plaintiffs' motion for certification of a question for appeal.

**It is so ordered.**