MOORE U.S.A. INC., and Toppan
Forms Co., Ltd., Plaintiffs,

v.

The STANDARD REGISTER
COMPANY, Defendant.

No. 98–CV–485C(F).

United States District Court,
W.D. New York.

Aug. 27, 2001.

Nixon & Vanderhye P.C. (James D. Berquist, Esq., of Counsel), Arlington, VA, Cohen Swados Wright Hanifin Bradford & Brett (Laurence B. Oppenheimer, Esq., of Counsel), Buffalo, NY, for Plaintiffs.

Oblon, Spivak, McClelland, Maier & Neustadt, P.C. (Charles L. Gholz, Esq., of Counsel), Arlington, VA, Gibson, McAskill & Crosby (Brian P. Crosby, Esq., of Counsel), Buffalo, NY, for Defendant.

CURTIN, District Judge.

On August 2, 2001, the court denied defendant Standard Register Company's ("SRC") third attempt to show that plaintiff Moore North America, Inc.("Moore") lacked standing to enforce United States Patent No. 4,918, 128 ("the '128 patent"). Item 354 ("the order of August 2"). In that order, however, the court neglected to address SRC's alternative request that its motion (Item 206) be certified for interlocutory appeal.

Interlocutory appeal may be available if a court determines that the decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and so certifies in its order. 28 U.S.C.A. § 1292(b) (West 2000). District courts have substantial discretion in deciding whether to certify a question for inter-

locutory appeal. *See Brown v. City of Oneonta,* 916 F.Supp. 176, 180 (N.D.N.Y. 1996). The court should construe the requirements for certification strictly and certify only where exceptional circumstances warrant. *See Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990).

■ A question of law is "controlling" if "reversal of the district court's order would terminate the action." *Klinghoffer,* 921 F.2d at 24. In this case, it appears that the issue of Moore's standing is a controlling question of law under section 1292(b).

■ Setting aside the existence of a controlling question of law, SRC's application fails on the issue of whether there are substantial grounds for a difference of opinion. In a recent letter, counsel for SRC seized on the fact that this court characterized the standing issue raised in Docket Item No. 206 as "a tangled and perhaps novel issue" of law. Item 354, p. 9.

SRC's reliance on the language quoted *supra* is misplaced. In acknowledging that the doctrine of standing is a convoluted and sometimes misunderstood doctrine, *see* Item 354, pp. 7–8, 10 n. 7, this court did not imply that there were substantial grounds for difference of opinion on the standing issue. A careful review of the relevant case law made it clear to this court that trial courts should exercise discretion in entertaining a Rule 15 motion to amend the pleadings even where there appears to have been an initial defect in the plaintiff's standing. *See* Item 354, pp. 10–14 (citing, *inter alia, Lans v. Digital*

*Equipment Corp.,* 252 F.3d 1320 (Fed.Cir. 2001), *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889 (2d Cir.1983), and *Valmet Paper Machinery, Inc. v. Beloit Corp.,* 868 F.Supp. 1085 (W.D.Wis.1994)). The court finds no substantial grounds for a difference of opinion on this finding of law.

In exercising its discretion, the court found that SRC's standing motion came too late as a practical and equitable matter. *See* Item 354, p. 15. Moreover, the court found that *even if* SRC had timely brought its second renewed standing motion, the court would have followed the reasoning of cases like *Hackner v. Guaranty Trust Co.,* 117 F.2d 95 (2d Cir.1941), and *Valmet Paper,* 868 F.Supp. 1085, and permitted *Moore to amend its complaint in September 1998. See* Item 354, pp. 14–15.[1]

It is important to reiterate that the decision which the court made in the August 2 order-regarding SRC's essentially moot standing objection-was a decision within the court's discretion. There are no substantial grounds for a difference of opinion to the extent that the court's ultimate decision was discretionary.

For these reasons, SRC's motion for interlocutory certification of its second renewed summary judgment motion is denied (Item 206).

So ordered.

---

1. The court notes here that Moore had constitutional standing to enforce the '128 patent by the time that the first amended complaint was filed in September 1998. *See* Item 354, pp. 5–6. The issue of whether Toppan Forms should have been joined under Rule 19 of the Federal Rules of Civil Procedure would not have created an issue of constitutional standing, but of prudential standing. *See Prima Tek II, L.L.C. v. A–Roo Co.,* 222 F.3d 1372, 1377 (Fed.Cir.2000).