252 F.3d 1320 (Fed. Cir. 2001)
 HAKAN LANS, Plaintiff-Appellant,
v.
DIGITAL EQUIPMENT CORPORATION, and GATEWAY 2000, INC., and DELL COMPUTER CORPORATION, and COMPAQ COMPUTER CORPORATION, and
HEWLETT-PACKARD COMPANY, and PACKARD BELL NEC, INC., and ACER AMERICA CORP., and AST RESEARCH, INC., Defendants-Appellees.
 HAKAN LANS, Plaintiff-Appellant,
v.
DIGITAL EQUIPMENT CORPORATION, and GATEWAY 2000, INC., and DELL COMPUTER CORPORATION, and COMPAQ COMPUTER CORPORATION, and HEWLETT-PACKARD COMPANY, and PACKARD BELL NEC, INC., and ACER AMERICA CORP., and AST RESEARCH, INC., Defendants-Appellees.
 UNIBOARD AKTIEBOLAG, Plaintiff-Appellant,
v.
ACER AMERICA CORP., and AST RESEARCH, INC., COMPAQ COMPUTER CORPORATION, and DIGITAL EQUIPMENT CORPORATION, and DELL COMPUTER CORPORATION, and GATEWAY 2000, INC., and HEWLETT-PACKARD COMPANY,
and PACKARD BELL, NEC, INC., Defendants-Appellees.
 00-1144,-1145,-1146,-1147,-1150,-1151,-1152,-1153, 00-1358,- 1359,- 1360,- 1361,-1362,- 1363,-1364,-1365, 00-1556
 
 United States Court of Appeals for the Federal Circuit
 DECIDED: June 4, 2001
 Appealed from: U.S. District Court for the District of Columbia Judge John Garrett Penn [Copyrighted Material Omitted]
 Louis S. Mastriani, Adduci, Mastriani, & Schaumberg, L.L.P., of Washington, DC, argued for plaintiffs-appellants Hakan Lans in 00-1144 and 00-1358 and for Uniboard Aktiebolag in 00-1556. With him on the brief were Tom M. Schaumberg, Steven E. Adkins, and Adam F. Bobrow.
 Gary H. Ritchey, Cooley Godward LLP, of Palo Alto, California, argued for defendants-appellees in 00-1144 and 00-1556, and Andrew P. Valentine, Gray Cary Ware & Freidenrich LLP, of San Diego, California, argued for defendants-appellees in 00-1358. With them on the briefs of the defendants-appellees were Martin L. Lagod and Lori R. E. Ploeger, Cooley Godward LLP, for Gateway 2000 Inc. Of counsel for Gateway in 00-1556 was Stephen P. Swinton. Also on the briefs were: Henry A. Petri, Jr., Howrey Simon Arnold & White, LLP, of Houston, Texas for Compaq Computer, Digital Equipment Corporation, and AST Research, Inc.; Scott F. Partridge and Mitchell D. Lukin, Baker Botts L.L.P., of Houston, Texas, Robert W. Holland, of Austin, Texas, and David A. Super, of Washington, DC, for Dell Computer Corporation; John Allcock and John E. Giust, Gray Cary Ware & Freidenrich LLP, of San Diego, California, for Hewlett-Packard Company in 00-1144, 00-1358 and 00-1556. On the brief for Hewlett-Packard Company in 00-1358 was Matthew C. Bernstein, and in 00-1556 was Mary A. Lehman, Gray Cary Ware & Freidenrich LLP. Of counsel for Hewlett-Packard Company in 00-1144 was Scott L. Robertson, Hunton & Williams, of Washington, DC. Joseph B. Tompkins, Jr. and Christine Liverzani Prame, Sidley & Austin, of Washington, DC, V. Bryan Medlock, Jr., of Dallas, Texas, and Douglas I. Lewis, of Chicago, Illinois, for Packard Bell NEC, Inc.; Roger L. Cook, Mark L. Pettinari, and James W. Soong, Townsend & Townsend & Crew, LLP, of San Francisco, California, and Robert A. Molan, Nixon & Vanderhye, of Arlington, Virginia, for Acer America Corporation.
 Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 This opinion addresses three separate but related appeals. First, on a motion for summary judgment, the United States District Court for the District of Columbia determined that Mr. Hkan Lans lacked standing to sue Digital Equipment Corporation, Gateway 2000, Inc., Dell Computer Corporation, Compaq Computer Corporation, Hewlett-Packard Company, Packard Bell NEC, Inc., Acer America Corporation, and AST Research, Inc. (collectively, the Computer Companies) for infringing U.S. Patent No. 4,303,986 (the '986 patent). Lans v. Gateway 2000, Inc., Civil Action No. 97-2523 (D.D.C. Nov. 23, 1999) (Lans I Memorandum). The district court also denied Mr. Lans's motion to amend his complaint to substitute Uniboard Aktiebolag (a company whose managing director and sole shareholder is Mr. Lans) for himself as plaintiff under Rules 15 and 17 of the Federal Rules of Civil Procedure. Accordingly, the district court entered summary judgment in favor of the Computer Companies and dismissed the suit. Because the district court correctly held that Mr. Lans lacked standing, this court affirms the district court's dismissal.
 
 
 2
 Second, on a motion by Mr. Lans for relief from its earlier judgment, the district court held that Mr. Lans did not meet the requirements of Rule 60(b)(2) of the Federal Rules of Civil Procedure. Lans v. Gateway 2000, Inc., Civil Action No. 97-2523 (D.D.C. Apr. 13, 2000) (Lans II Memorandum). Because the district court was within its discretion in denying Mr. Lans's Rule 60(b)(2) motion, this court affirms.
 
 
 3
 Third, after the summary judgment against Mr. Lans, Uniboard filed a separate action against the Computer Companies for infringing the '986 patent. On a motion to dismiss, the district court held that it could not provide any relief for infringement of the '986 patent because the patent had already expired and because 35 U.S.C. § 287(a) (Supp. IV 1998) prevented Uniboard from recovering any damages from the Computer Companies for infringement during the term of the patent. Uniboard Aktiebolag v. Acer Am. Corp., Civil Action No. 99-3153 (D.D.C. Aug. 31, 2000) (Uniboard Memorandum). Because § 287(a) prevented Uniboard from recovering any damages from the Computer Companies for infringement during the patent term, this court affirms.
 
 I.
 
 4
 Mr. Lans is the sole inventor of the '986 patent, which issued in 1981. The '986 patent claims a data display system for color graphics display. The data display system manages the picture memory of a digital color graphics imaging system to change images efficiently at high rates.
 
 
 5
 In 1989, Mr. Lans agreed to license the '986 patent to International Business Machines Corporation (IBM). However, for tax reasons, Mr. Lans wanted to have Uniboard grant the license, rather than doing so in his personal capacity. To assure that Uniboard possessed the rights it was purporting to license, IBM requested that Mr. Lans first execute an assignment of the '986 patent to Uniboard. Mr. Lans executed the assignment to Uniboard personally and then, on behalf of Uniboard, executed the license to IBM.
 
 
 6
 In 1996, Mr. Lans sent letters to the Computer Companies accusing them of infringing the '986 patent and offering them licenses. The letters identify Mr. Lans as "the inventor and owner" of the '986 patent, but do not mention Uniboard.
 
 
 7
 In 1997, Mr. Lans personally sued the Computer Companies for infringement of the '986 patent. The complaint did not include Uniboard as a plaintiff. During discovery, the Computer Companies subpoenaed documents from IBM. They acquired the license document from Uniboard to IBM. Upon further inquiry, the Computer Companies acquired the assignment document from Mr. Lans to Uniboard. The Computer Companies then moved for summary judgment that Mr. Lans lacked standing to sue because he did not own the '986 patent. Mr. Lans moved under Rules 15 and 17 to amend the complaint to substitute Uniboard for himself as plaintiff.
 
 
 8
 In November 1999, the district court denied the motion for leave to amend and granted summary judgment for the Computer Companies. Lans I Memorandum, slip op. at 20. The district court held that Mr. Lans lacked standing because he did not own the patent. Id. at 19. The district court also refused to substitute Uniboard as a plaintiff under either Rule 15 or Rule 17. Id. at 4-17. Under Rule 15, the district court held that Mr. Lans could not amend the complaint to create standing because, without standing, there was no action to amend. Id. at 7. The district court also found that its denial of leave to amend would not prejudice Mr. Lans or Uniboard because Mr. Lans had no case left to assert and Uniboard remained free to file an appropriate suit against the Computer Companies. Id. at 8. Under Rule 17, the district court again found that Mr. Lans could not create standing where none existed before amendment. Id. at 8- 12. Despite Mr. Lans's contention that he had forgotten about the assignment, the district court found that Mr. Lans's bringing the action in his own name was not due to an honest and understandable mistake. Id. at 13-17.
 
 
 9
 During discovery, Mr. Lans had asked his former accountant, Mr. Leif Gyllenhoff, if he had any documents pertaining to the '986 patent. Mr. Gyllenhoff replied that he did not. In January 2000, after the dismissal of his original action, Mr. Lans again contacted Mr. Gyllenhoff, and Mr. Gyllenhoff agreed to recheck his files. Mr. Gyllenhoff discovered some documents in a file cabinet he had used while accounting for Mr. Lans and Uniboard. One of those documents was a "Clarification-Contract" signed by Mr. Lans personally and on behalf of Uniboard in 1989. The Clarification- Contract expressed Mr. Lans's belief that the assignment to Uniboard was invalid due to ongoing disputes in court over the validity of the patent. The document then purported to transfer the '986 patent rights from Mr. Lans to Uniboard, but stated that Mr. Lans "will own the patent."
 
 
 10
 Mr. Lans brought a motion for relief from judgment under Rule 60(b)(2) based on the Clarification-Contract, arguing that the Clarification- Contract was proof that Mr. Lans made an honest and understandable mistake in bringing the action in his own name. The district court held that the Clarification-Contract was not newly discovered because Mr. Lans was in possession of it (via Mr. Gyllenhoff) and knew about it before the district court entered judgment. Lans II Memorandum, slip op. at 5-6. The court also held that Mr. Lans could have discovered the Clarification-Contract before the district court entered judgment if he had exercised due diligence. Id. at 7-11. Additionally, the district court held that the Clarification-Contract was not credible and was not of such a nature as to probably change the outcome of the judgment. Id. at 13-16. The district court thus denied the Rule 60(b)(2) motion. Id. at 16.
 
 
 11
 In November 1999, six days after the district court granted summary judgment in the Lans case, Uniboard filed suit against the Computer Companies. Uniboard alleged that the Computer Companies had infringed the '986 patent, which it owned. The Computer Companies moved to dismiss the complaint for failure to state a claim on which relief may be granted. The Computer Companies noted that the '986 patent had expired on January 9, 1999. The Computer Companies argued as well that § 287(a) precluded any damages because Uniboard's licensees had not properly marked patented products and Uniboard had not properly notified the Computer Companies of infringement before expiration of the '986 patent. The district court held that the notice Mr. Lans gave the Computer Companies in his personal capacity was insufficient because § 287(a) requires that the patentee give notice. Uniboard Memorandum, slip op. at 10-13. Accordingly, the district court held that it could not provide Uniboard any relief and dismissed Uniboard's complaint. Id. at 13.
 
 
 12
 Mr. Lans appeals the summary judgment against him, the denial of his motion for leave to amend, and the denial of his 60(b)(2) motion. Uniboard appeals the district court's dismissal of its complaint. This court has jurisdiction under 28 U.S.C. § 1295(a)(1) (1994).
 
 II.
 
 13
 This court will first address the district court's dismissal of Uniboard's complaint, and will thereafter address the district court's summary judgment against Mr. Lans, the district court's denial of Mr. Lans's motion for leave to amend, and finally the district court's denial of Mr. Lans's 60(b)(2) motion for relief from judgment.
 
 
 14
 On purely procedural issues, this court applies the law of the regional circuit, in this case the United States Court of Appeals for the District of Columbia. Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 793, 53 USPQ2d 1762, 1764 (Fed. Cir. 2000). The District of Columbia Circuit reviews dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure without deference. Sys. Council EM-3 v. AT&T Corp., 159 F.3d 1376, 1378 (D.C. Cir. 1998). Our sister circuit upholds such dismissals "when, taking the material allegations of the complaint as admitted and construing them in plaintiffs' favor, the court finds that the plaintiffs have failed to allege all the material elements of their cause of action." Id.
 
 
 15
 Mr. Lans sent the 1996 notification letters and filed suit in his own name. He also asserted that he personally owned the patent. In dismissing Uniboard's complaint, the district court held that these notifications were insufficient under § 287(a) because they did not come from the patentee.
 
 
 16
 Section 287(a) states that if a patentee fails to mark properly products within the scope of the patent:
 
 
 17
 no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.
 
 
 18
 In addressing the predecessor to § 287(a) with identical language on this point, the Supreme Court stated that notice "is an affirmative fact, and is something to be done by him [the patentee]." Dunlap v. Schofield, 152 U.S. 244, 248 (1894) (emphasis added) (if the patentee fails to mark, then he must give notice "to the particular defendants by informing them of his patent and of their infringement of it"). Following the Supreme Court, this court has stated, "Dunlap thus established that notice must be an affirmative act on the part of the patentee which informs the defendant of infringement." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187, 30 USPQ2d 1462, 1469 (Fed. Cir. 1994). Thus, "[t]he correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge of the infringer." Id.
 
 
 19
 Admittedly, this court has not previously encountered a situation, such as this case, where a party associated with the patentee notified alleged infringers. In other cases, this court addressed situations where notification came from someone associated with the alleged infringer and concluded that "notice of infringement must . . . come from the patentee, not the infringer." E.g., Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1537 n.18, 28 USPQ2d 1321, 1331 n.18 (Fed. Cir. 1993) (notice to the alleged infringer by its own counsel "is clearly not what was intended by the marking statute"). While the present case presents a more difficult question, the actual notice requirement of § 287(a) demands notice of the patentee's identity as well as notice of infringement.
 
 
 20
 "[T]he purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." SRI Int'l, Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1470, 44 USPQ2d 1422, 1428 (Fed. Cir. 1997) (emphasis added). Besides alerting the alleged infringer to avoid further infringement, the notice requirement also permits the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute. Thus, without knowledge of the patentee's identity, an alleged infringer may lose the benefit of this primary purpose of the notice requirement. An alleged infringer may lose the opportunity to consult with the patentee about design changes to avoid infringement. Similarly, without knowledge of the patentee, an alleged infringer may lose the chance to negotiate a valid license. In sum, knowledge of the patentee's identity facilitates avoidance of infringement with design changes, negotiations for licenses, and even early resolution of rights in a declaratory judgment proceeding.
 
 
 21
 Contrary to Mr. Lans's contentions, notice from someone closely associated with the patentee does not satisfy § 287(a). After all, only the patentee has authority to grant licenses or accept design changes to facilitate the purposes of the notification requirement. Moreover, a looser notification rule would present notable enforcement problems. Courts would have to decide the degree of association sufficient to satisfy the rule. Must the notifying party control the patentee, or simply have an interest in the patentee? Indeed, how much control or interest would suffice? Agency principles would not likely ease this problem because the notifying party would not likely even purport to act on behalf of the patentee. Accordingly, a looser rule would both frustrate the purpose of notification and present difficult, if not unworkable, enforcement problems.
 
 
 22
 This court thus reiterates that actual notice under § 287(a) "must be an affirmative act on the part of the patentee which informs the defendant of infringement." Amsted Indus., 24 F.3d at 187. This rule follows prior decisions of this court and the Supreme Court, fulfills the purposes of § 287(a) by facilitating the alleged infringer's efforts to avoid continued infringement, and avoids troublesome determinations about the sufficiency of relationships between the notifier and the patentee.
 
 
 23
 Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages from the Computer Companies. Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent. Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted.
 
 III.
 
 24
 This court reviews the district court's grant of summary judgment without deference. Conroy v. Reebok Int'l, Ltd, 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed. Cir. 1994); Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a summary judgment ruling, this court draws all reasonable inferences in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This court reviews the question of standing to sue for patent infringement, a legal question, without deference. Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1483, 45 USPQ2d 1633, 1635 (Fed. Cir. 1998).
 
 
 25
 If a party lacks title to a patent, that party "has no standing to bring an infringement action" under that patent. FilmTec Corp. v. Allied- Signal, Inc., 939 F.2d 1568, 1571, 19 USPQ2d 1508, 1510 (Fed. Cir. 1991). Mr. Lans argues that he meets the requirements for constitutional standing, but merely lacks prudential standing because he is not the real party in interest. Prudential standing requires, among other things, that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldon, 422 U.S. 490, 498 (1975). Accordingly, even if Mr. Lans has constitutional standing, he lacks prudential standing and the district court correctly granted the Computer Companies' summary judgment motion.
 
 IV.
 
 26
 Under District of Columbia Circuit law, this court reviews the district court's ruling on Mr. Lans's motion to amend the pleadings for an abuse of discretion. Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 146 F.3d 983, 991 (D.C. Cir. 1998). This court has considered Mr. Lans's arguments that the district court abused its discretion under Rules 15 and 17. As noted above, this case presents unusual circumstances. Mr. Lans purported to own a patent he did not actually own. Mr. Lans did not disclose the actual owner until the Computer Companies discovered the assignment to Uniboard, and even then he equivocated. Thus, Mr. Lans's personal choices occasioned his standing problems and the need to amend. Indeed the trial court found that Mr. Lans's original allegations were not honest and understandable mistakes. Under these circumstances, the district court remained well within its broad discretion in denying Mr. Lans's motion for leave to amend his complaint.
 
 V.
 
 27
 Under District of Columbia Circuit law, this court reviews the district court's denial of relief from judgment under Rule 60(b) for an abuse of discretion. Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988). The district court cited several independent grounds for denying Mr. Lans relief from judgment under Rule 60(b)(2). Lans II Memorandum, slip op. at 4-16. Mr. Lans asserted that the Clarification- Contract was newly discovered evidence that entitled him to relief from judgment under Rule 60(b)(2). The district court found, however, that Mr. Lans had constructively possessed the alleged new evidence from the outset of the case and could have timely provided this evidence with due diligence. After reviewing the district court's opinion and considering Mr. Lans's arguments, this court holds that the district court did not abuse its discretion in denying Mr. Lans relief from judgment under Rule 60(b)(2).
 
 CONCLUSION
 
 28
 Because the district court correctly held that § 287(a) prevented Uniboard from recovering any damages from the Computer Companies for infringement during the patent term, and because the district court could provide no other relief, this court affirms the district court's dismissal of Uniboard's complaint. Because the district court correctly held that Mr. Lans lacked standing and because the district court did not abuse its discretion in denying Mr. Lans's motion to amend the complaint, this court affirms the district court's dismissal of Mr. Lans's complaint. Finally, because the district court did not abuse its discretion in denying Mr. Lans's Rule 60(b)(2) motion for relief from judgment, this court affirms that denial.
 
 COSTS
 
 29
 Each party shall bear its own costs.
 
 AFFIRMED