**CMI CORPORATION, Plaintiff,**

v.

**CEDARAPIDS, INC., Standard Havens, Inc. and Standard Havens Products, Defendants.**

**No. CIV–96–0888–A.**

United States District Court,
W.D. Oklahoma.

July 19, 2001.

Russell A. Cook, Charles E. Geister, III, Hartzog, Conger, Cason & Neville, Eric S. Eissenstat, Fellers, Snider, Blankenship, Bailey & Tippens, Joseph P. Titterington, Jerry J. Dunlap, Dunlap, Codding & Rogers PC, Oklahoma City, OK, Roy C. Breedlove, Fellers, Snider, Blankenship, Bailey & Tippens, Tulsa, OK, George P. McAndrews, Steven J. Hampton, Dean A. Pelletier, Anthony E. Dowell, McAndrews, Held & Malloy Ltd., Chicago, IL, for CMI Corporation, plaintiffs.

Robert H. Alexander, Jr., John J. Love, Oklahoma City, OK, Douglas M Kubehl, Larry D Carlson, Baker & Botts LLP, Dallas, TX, Stephen J. Holtman, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, IA, for Cedarapids Inc., Standard Havens Inc., Standard Havens Products Inc., defendants.

### *ORDER*

ALLEY, District Judge.

This matter comes before the Court on Plaintiff CMI Corporation's Motion Pursuant to Local Rule 7.2(k) and Rule 60(b)(6) Fed.R.Civ.P. for Relief from the Judgment Based on a Change in the Law, Defendants' Response, and Plaintiff's reply. Having considered the parties' submissions, the Court finds as follows.

Plaintiff asks the Court to consider reduction of the $11,668,927.00 damages award to Defendant Standard Haven Products on its infringement counterclaim. The damages were awarded for Plaintiff's infringement of patent 5,470,146 ("the 146 Patent"). CMI filed its notice of appeal, and currently seeks to amend the judgment based on a new case issued by the Federal Circuit, *Lans v. Digital Equip. Corp*, 252 F.3d 1320 (Fed.Cir.2001).

Pursuant to Fed.R.Civ.P. 60(b)(6), the Court may modify a judgment for any reason justifying relief from the operation

of the judgment. Although Defendants contend that a change in the existing case law does not warrant relief under Rule 60(b)(6), the Court disagrees. The cases cited by Defendants are factually inapposite to this case. In those cases, the judgments were final because appeals had been completed, abandoned, or never pursued. *See e.g. Johnston v. Cigna Corp.*, 14 F.3d 486 (10th Cir.1993) (no notice of appeal ever filed and time for filing expired when Rule 60(b) motion filed); *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir.1958) (Rule 60 motion filed after appeal terminated); In this case, however, the case is merely on appeal and therefore, the concerns regarding finality presented in Defendants' cites are not present here.

■ Defendants further argue that this Court lacks jurisdiction to grant Plaintiff's request, and therefore should not consider its merits. Plaintiff acknowledges the limitations on this Court's jurisdiction, asking the Court to certify its intent to grant the motion, so that Plaintiff may seek remand from the Federal Circuit to permit this Court to enter a new damages award. This procedure is entirely appropriate. *See Aldrich Enter., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir.1991) (district court lacks jurisdiction to grant Rule 60 motion due to pending appeal, but court could consider merits and either deny or notify circuit of intention to grant upon proper remand).

Having addressed the parties' jurisdictional arguments, the Court next considers the merits of Plaintiff's motion. In *Lans v. Digital Equip. Corp*, 252 F.3d 1320 (Fed.Cir.2001), the court considered whether a corporation could maintain an action for patent infringement when during the life of the patent it had never notified the alleged infringer of the infringement.

Hakan Lans was the inventor of a data display system for color graphics display protected by the '986 patent. *Id.* at 1324. He was also president and sole shareholder of a corporation, Uniboard. In 1989, Lans agreed to license the '986 patent to IBM. *Id.* Lans, for tax purposes, wished to have Uniboard license the patent to IBM. IBM, to ensure that Uniboard actually owned the patent, asked Lans to assign his rights to Uniboard. Lans executed the assignment to Uniboard, which in turn executed it to IBM. *Id.* at 1325.

In 1996, Lans sent letters to alleged infringers, making accusations of infringement and offering licenses. The letters identified Lans as owner of the '986 patent, without mention of Uniboard. In 1997, Lans sued certain computer companies for the alleged infringement. His case was dismissed by the court for lack of standing, because he did not own the '986 patent. His attempts to substitute Uniboard as plaintiff were denied.

In November 1999, after Lans' case was dismissed, he filed suit on behalf of Uniboard. The defendants moved for dismissal, asserting that during the life of the '986 patent, which had expired in January, 1999, they were not given notice of infringement by the patentee as required by 35 U.S.C. § 287(a).

Section 287(a) provides, in pertinent part, that if a patentee fails to properly mark products within the scope of the patent:

> no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

The *Lans* court held that "the actual notice requirement of § 287(a) demands no-

tice of the patentee's identity as well as notice of infringement." *Id.* at 1327.

The court considered the purpose of the actual notice requirement, and noted that the patentee's identity is essential because it permits an alleged infringer to consult with a patentee about the possibility of design changes to avoid infringement and to negotiate a valid license. The court rejected Lans's contention that notice from someone closely associated with the patentee satisfies § 287(a).

> After all, only the patentee has authority to grant licenses or accept design changes to facilitate the purposes of the notification requirement. Moreover, a looser notification rule would present notable enforcement problems. Courts would have to decide the degree of association sufficient to satisfy the rule. Must the notifying party control the patentee, or simply have an interest in the patentee? Indeed, how much control or interest would suffice? Agency principles would not likely ease this problem because the notifying party would not likely even purport to act on behalf of the patentee. Accordingly, a looser rule would both frustrate the purpose of notification and present difficult, if not unworkable, enforcement problems.

*Id.* at 1327.

■ There is no dispute that Defendants sold products within the scope of the 146 Patent without affixing notice of the patent thereto. CMI contends that it did not receive § 287(a) notice from the patentee until April, 2000, and therefore, in light of the ruling in *Lans*, judgment in this case should be amended to limit Defen-

dants' damages for Plaintiff's infringement to $2,514,335.00.

The parties will clearly recall the tortured route taken by Defendants in establishing which corporate entity actually owned the 146 Patent at any given time during this litigation. By the time of trial the following chronology had been established:

- June, 1986    Hawkins applies for patent of his invention and assigns his rights to Standard Havens, Missouri
- April, 1987    Standard Havens, Missouri merges with Standard Havens, Delaware
- Oct., 1988    Standard Havens, Delaware assigns its right in the patent to Standard Havens Products
- 1995    Patent issued
- May, 1996    Letter by Schwebel to CMI alleging infringement[1]
- June, 1996    Declaratory judgment action filed by CMI against Cedarapids, Standard Havens and Standard Havens Products
- Feb., 1998    Counterclaim for infringement filed by Standard Havens
- Feb., 1998    Standard Havens Products assigns patent to Cedarapids
- Dec., 1999    Court permits substitution of Standard Havens Products as the counterclaim plaintiff
- Mar., 2000    Cedarapids assigns patent to Standard Havens Products
- March, 2000    Defendants seek amendment of Final Pretrial Order entered listing Standard Havens Prod-

---

1. Richard Schwebel sent a May 14, 1996 letter to the president of CMI. The letter, on Cedarapids letterhead, noted that on November 28, 1995, the 146 Patent was issued to a Cedarapids subsidary, Standard Havens, Inc. The letter further alleges infringement by CMI and raises the possibility of negotiating a license. Schwebel signed the letter as president and CEO. At the time the letter was sent, Standard Havens Products was actually the licensee.

ucts as counterclaim plaintiff and patentee after assignment of patent from Cedarapids to Standard Havens Products.

From the Court's perspective, it appears that at no time prior to the amendment of the Final Pretrial Order did the actual patentee give notice to CMI of the alleged infringement. The notice was always sent by an affiliated entity, but never by the actual patent holder. When Standard Havens filed its counterclaim, Standard Havens Products was the patentee. When Standard Havens Products was substituted in as the counterclaim plaintiff, Cedarapids has already been assigned the rights. Thus, only if Richard Schwebel's May 14, 1996 letter or some other document was an effective notice of infringement under § 287(a), should Standard Havens Products be permitted to retain its entire award under *Lans*.

As noted in footnote 1, the letter from Richard Schwebel to CMI was on Cedarapids letterhead and indicated that a subsidiary, Standard Havens, Inc., had been issued the 146 Patent. Although the 146 patent was originally issued to Standard Havens, at the time of the letter the patentee was Standard Havens Products. The only corporate entity not named anywhere in the letter was the party required to give notice of the infringement under § 287(a).

Defendants contends that other documents exchanged during litigation met the § 287(a) notice requirements. The Court has reviewed these documents and finds nothing in those documents that fulfills the obligation that the patentee, not an affiliated or related entity, give notice of the infringement and disclose the identify of the patentee. In their July 26, 1996 Answer to the Complaint, Defendants assert that Standard Havens owns the 146 Patent. At that time, however, it was owned by Standard Havens Products. In the Joint Status Report, there is no assertion

that any one particular Defendant owns the 146 Patent, and the parties stipulated to that fact that one or more of the defendants owns all or part of the 146 Patent. Again, Standard Havens Products did not assert its ownership of the 146 Patent at that time. The Court thus concludes that Standard Havens Products failed to provide § 287(a) notice prior to the amendment of the Final Pretrial Order that it was owner of the 146 Patent which CMI had allegedly infringed.

Defendants also argue that *Lans* does not constitute a new rule of law, because of the court's statement that it was reiterating that "actual notice under § 287(a) 'must be an affirmative act on the part of the patentee which informs the defendant of infringement.'" *Id.* at 1327–28 (quoting *Amsted Indus. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed. Cir.1994)). Therefore, Defendants argue, the Rule 60(b)(6) motion should be denied Although generally the holding in *Lans* reiterated prior case law placing the burden of establishing that notice has been given under § 287(a) on the patent holder, the court did address a new issue. "[T]his court has not previously encountered a situation, such as this case, where a party associated with the patentee notified alleged infringers." *Id.* at 1327. *Amsted,* cited by the *Lans* court, focused on whether notice must be "of the infringement" or of the patent's existence generally. *Amsted,* 24 F.3d at 187. Accordingly, the holding set forth by the *Lans's* court was indeed a new rule of law, and thus, for purposes of Rule 60(b) a proper basis for reconsideration of the judgment.

This new rule applies squarely to the facts herein. Although the three defendants are related corporate entities; Cedarapids owns Standard Havens which owns Standard Havens Products, they are not one and the same. Indeed, Defen-

dants' actions in assigning the rights to the patent among themselves supports this conclusion. Accordingly, notice of infringement given by a corporation that was not the holder of the patent at the moment in time notice was allegedly given was not effective under § 287(a).

In light of the above, the Court hereby certifies its intention to grant Plaintiff CMI's Rule 60(b)(6) motion upon proper remand from the Federal Circuit. Upon remand the Court will consider the appropriate measure of damages for the period time after counterclaim plaintiff Standard Haven Products, as patentee, gave notice to CMI of its alleged infringement of the 146 Patent. Plaintiff's Motion for Relief from Judgment will be held in abeyance pending remand from the Federal Circuit, if remand issues.